# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELMO M. HEGWOOD, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 10-145-JJB-DLD** |
| **DSM COPOLYMER, INC., ET AL.** | |

## MAGISTRATE JUDGE'S REPORT

This matter is before the court on plaintiffs' motion to remand (rec. doc. 7). Defendants DSM Copolymer, Inc. and Lion Copolymer, L.L.C. removed this matter from the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana based on the federal officer removal statute. See 28 U.S.C. §1442(a)(1). The issues before the court are whether defendants timely removed this matter and whether removal was proper under the federal officer removal statute. The motion to remand is opposed (rec. doc. 9).

### Factual Background

Plaintiffs are Louisiana residents or the surviving family member of an individual who, at various times, were employed by and have worked at the defendants' facilities located in Baton Rouge, Louisiana, and Addis, Louisiana. Plaintiffs all suffer from occupational noise induced hearing loss, which is alleged to be the result of exposure to hazardous industrial noise while working at the defendants' facilities. As a result of their hearing loss, on March 26, 2007, plaintiffs brought suit against defendants for negligence[1],

---

[1] Plaintiffs' negligence claim includes allegations that defendants failed to provide the planning, inspection, approval, and supervision of the work of plaintiffs; to inspect, approve, and supervise the work of plaintiffs; to see that proper safety rules were adopted, promulgated, and enforced regarding the use of hearing protection devices and other protective equipment; to see that plaintiffs performed their duties in a proper, safe, and workmanlike manner; to see that plaintiffs used safe and sound principles and practices in

intentional torts[2], strict liability[3], and battery (rec. doc. 1-2).  Plaintiffs seek damages in the form of past, present, and future physical pain and suffering, mental pain and suffering, disability, and medical bills and seek to have defendants held liable individually, jointly, and *in solido*, for their damages.

Plaintiffs' original petition identified two plaintiffs and stated that "[a]t various times between approximately 1960 and present, the Plaintiff and/or Plaintiff's decedents listed on Exhibit "A" were employed as direct employees at the Defendants' facility owned and operated by Defendants in East Baton Rouge Parish, Louisiana and West Baton Rouge Parish, Louisiana" (rec. doc. 1-2, ¶4).  Exhibit "A" specifically identifies the plaintiffs as Elmo M. Hegwood and John Arthur Mayville, Deceased, who is represented in this matter by his

---

their work; to test the plaintiffs work environment for the presence of hazardous noise levels; to make safety and health decisions on any and all questions regarding safety, industrial hygiene, industrial medicine, and the formulation and implementation of safety, industrial hygiene, and industrial medicine programs and the use of hearing protection devices, engineering controls, monitoring, and employee safety; to keep abreast of state of the art knowledge as it pertains to the dangers associated with occupational noise exposure; to provide adequate warnings, monitoring, instructions, physical examinations, engineering and administrative controls, safety equipment, and hearing protection, which were necessary in order to prevent plaintiffs from being harmed by exposure to hazardous levels of noise in the environment in which they were required to work; and to make certain that plaintiffs were provided with a safe working environment free from hazardous exposure to noise (rec. doc. 1-2). Further, plaintiffs' allege that defendants negligently, recklessly, and/or intentionally failed to provide critical medical and/or safety information to plaintiffs regarding the safety and health risks associated with occupational noise exposure at the site; failed to follow the requirements of applicable safety rules after such rules were actually adopted; failed to keep abreast of scientific and engineering knowledge regarding the dangers of, and protection against, occupational noise exposure; and failed to commence and continuing operations which were under their control and supervision when they knew or should have known that such operations would cause plaintiffs to be exposed to unreasonably loud noise, without hearing protection, on a daily basis.  Id.

[2] Plaintiffs' intentional misconduct claims are based on allegations that defendants had knowledge, including medical and scientific data, that proved that exposure to unreasonably high levels of noise would result in injuries, but defendants failed to disclose this information and/or fraudulently misrepresented information to plaintiffs (rec. doc. 1-2).  As a result of defendants' misrepresentations and/or non-disclosures, plaintiffs went to work and relied on the misconception that they were not being harmed by exposure to unreasonably loud noise.

[3] Plaintiffs' allege that defendants are strictly liable to plaintiffs because the premises in defendants' custody was defective in that it had a condition that created an unreasonable risk of harm (rec. doc. 1-2).

child Virginia Mayville Alvarado (rec. doc. 7-2, Exhibit "A").   On January 15, 2010, after almost three years of discovery and pretrial motions in state court, plaintiffs filed their first supplemental and amending petition for damages (rec. doc. 1-2, p. 47).   Plaintiffs' first supplemental and amending petition reiterates and adopts all of the allegations contained in the original petition against the original defendants.   The first supplemental and amending petition also adds new plaintiffs to the action and includes an Exhibit "A-1," which specifically identifies 10 new plaintiffs and their work history dates, which range from 1951-present.[4]  Other than adding the new plaintiffs and identifying their work history dates, the first supplemental and amending petition does not contain any new allegations against defendants.

Plaintiffs' counsel sent the motion for leave to file first supplemental and amending petition and first supplemental and amending petition to defendants' counsel via facsimile to the facsimile number for the Baton Rouge law offices of Kean Miller on January 14, 2010, at 5:27 p.m. (rec. doc. 7-1).   The motion for leave and first supplemental and amending petition was filed on January 15, 2010, and the motion for leave was signed by the trial court judge on January 20, 2010 (rec. docs. 7-1 and 1-2).   Defendants were served with the first supplemental and amending petition on February 3, 2010 (rec. doc. 9).

On March 3, 2010, defendants filed their notice of removal based on the federal officer removal statute, 28 U.S.C. §1442(a)(1) (rec. doc. 1).   Defendants contend that the alleged exposure occurred during periods when the facilities were owned by the United

---

[4] Exhibit "A-1" to the first supplemental and amending petition identifies the following additional plaintiffs and work history dates: Joseph Altazin (1951-1994), Russell R. Bergeron (1962-1973), Albert Alfred Nathan Coleman (1955-1991); Albert Frank LeDoux, Jr. (1951-1997), Robby D. Robinson, Sr. (1979-2005), Peter R. Rumfola (1951-1992), Robert L. Scott, Donald Paul Thomas, Sr. (1960-1998), George G. Townsend (1951-1996), Malcolm Warren Wilson (1978- Present).

States Government but operated by DSM Copolymer under the authority and direction of the United States Government to direct the construction and operation of the plant (1942-1955), as well as during periods of ownership by DSM Copolymer but under continuing governmental control and oversight (1955-1965).   Defendants state in their notice of removal that they intend to rely on the government contractor defense and  the Defense Production Act of 1950 and its statutory predecessor, the Second War Powers Act, in defending against plaintiffs' claims (rec. doc. 2).

In support of their notice of removal, defendants rely on and attach the rulings denying the motions to remand in *LaLonde v. Delta Field Erection,* CV 96-3244-B-3 (M. D. La. 1998)[5] and in *Catania v. Acandis, Inc.*, CV 02-368-D-1 (M.D. La. 2002)  (rec. doc. 1-3, Exhibit B).    In both cases, DSM sought to establish removal jurisdiction based on the federal officer removal statute and asserted the federal contractor defense.  See (CA 96-3244, rec. doc. 65), (CA 02-368, rec. doc. 18).  The ruling in *LaLonde* thoroughly analyzed the application of Section 1422(a)(1) to the same DSM Copolymer facility for plaintiffs' claims of silica exposure between 1947-1976.  In its ruling, the court set forth the historical facts regarding the United State's control over the facility and held that removal was proper under the federal officer removal statute.  The court in *Catania* relied on the historical facts established in *LaLonde* in analyzing the application of Section 1442(a)(1) to the same DSM facility for plaintiffs' claims of asbestos exposure between 1951-1969 (CA 02-368, rec. doc. 1).  Again, the court held that based on the facts regarding the level of governmental control over the facility, removal was proper under the federal officer removal statute. In

---

[5] *LaLonde v. Delta Field Erection,* 1998 WL 34301466 (M.D. La. 1998).

addition to attaching the rulings in *LaLonde* and *Catania*, defendants reiterated the same facts established by the courts in both cases in their memorandum in opposition to the motion to remand.  The court herein adopts the facts as established in *LaLonde* and reiterated by defendants in this action in order to give a historical perspective to the issues in this matter.

Plaintiffs timely filed a motion to remand, which has been referred to the undersigned and is now before the court (rec. doc. 7).

### Arguments of the Parties

Plaintiffs argue that this matter should be remanded because the removal was untimely on several grounds and because removal is improper under the federal officer removal statute. Plaintiffs argue that *if* removal were proper under the federal officer removal statute, the grounds for removal were apparent in the original petition filed in March 2007; therefore, defendants' notice of removal, which was filed more than three years later, is untimely.  Plaintiffs further argue that even if the court were to find that the basis for asserting federal jurisdiction was not apparent from the original petition, defendants' notice of removal is still untimely because it was not filed within 30 days of receipt via facsimile of plaintiffs' motion for leave and first supplemental and amending petition. With respect to the substantive issues surrounding removal under the federal officer removal statute, plaintiffs contend that defendants have failed to offer evidence to support that they acted pursuant to a federal officer's direction, that a causal connection exists between their actions under color of federal office and plaintiffs' claims, and that the federal contractor defense is applicable to this case.  Plaintiffs further contend that if the

court finds that removal was timely and proper under the federal officer removal statute, then it should decline to exercise supplemental jurisdiction over plaintiffs' state law claims.

Defendants offer a fact-intensive, detailed history of the ownership and operation of their facilities and argue that the facilities were owned by or operated under the direct control and oversight of the United States Government from 1942-1965.  As a result of the governmental control and oversight, defendants contend that they are protected by the federal contractor defense and immunities under the Defense Production Act and have properly removed this matter under the federal officer removal statute. Defendants argue that based on the "vague and imprecise work history dates included in the original petition," they could not determine "that the two original employees sustained any harmful noise exposure at DSM while the facilities were under the direct control and oversight of the Federal Government." Id.  Thus, defendants contend that this matter was not originally removable (rec. doc. 9).  Defendants argue that it is only when the work history dates of each of the new plaintiffs were added in the first supplemental and amending petition that it became clear that plaintiffs were DSM employees who might have sustained harmful noise exposure during the period the Federal Government had direct control and oversight over the DSM facility, and, therefore, removal was proper. Id. Defendants argue that they timely filed their notice of within 30 days of *service* of the first supplemental and amending petition – when they first ascertained that this matter was removable based on the federal officer removal statue.  Defendants further argue that the 30-day time period runs from the date that they were *served* with the amended pleading, and not from the date that they were provided a copy of the unfiled amending pleading via facsimile.

With respect to the substantive issues surrounding removal under the federal officer removal statute, defendants argue that they have set forth sufficient facts and evidence to establish that the requisite elements of the federal officer removal statute are satisfied and that removal is proper.  Defendants suggest that if the court finds that removal is proper, it should retain jurisdiction over the entire case as there are no grounds upon which the court may decline to exercise supplemental jurisdiction.

**<u>Applicable Legal Principles</u>**

Federal courts are courts of limited jurisdiction; therefore, it is presumed that a suit removed to federal court lies outside this limited jurisdiction.  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  Remand is proper if at any time the court lacks subject matter jurisdiction. <u>See</u> 28 U.S.C. §1447(c).  Defendants have the burden of establishing the existence of federal jurisdiction over the controversy.  *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387 (5th Cir. 1998)(citations omitted).

Section 1442(a)(1), the federal officer removal statute, provides a basis for removal to federal court for any action against the "United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office." <u>See</u> 28 U.S.C. § 1442(a)(1).  As outlined in the Fifth Circuit's decision in *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387 (5th Cir. 1998), a defendant seeking to establish jurisdiction under the federal officer removal statute must show:

1)   that the removing defendant is a "person" within the meaning of the statute[6];

2)   that the defendant acted pursuant to a federal officer's direction and that a causal nexus exists between the defendant's actions under color of federal office and the plaintiff's claims; and

3)   that the defendant is asserting a colorable federal defense.[7]

*Winters*, 149 F.3d at 398 -399.

The removing defendant bears the burden of establishing that each of these elements has been established.  *Winters*, 149 F.3d at 397.  At the same time, however, the federal officer removal statute is to be construed liberally, consistent with its purpose of providing a federal forum to determine the validity of a federal defense asserted by one acting under color of federal authority.  *Winters,* 149 F.3d at 397-98.  The right of removal under Section 1442(a)(1) therefore is not to be frustrated by "a grudgingly narrow interpretation of the removal statute."  *Id.*  Further, if a particular claim is removable under Section 1442(a)(1), then the entire action becomes removable.  *See Spencer v. New Orleans Levee Board*, 737 F.2d 435, 438 (5th Cir. 1984); *Arango v. Guzman Travel Advisors Corp.*, 621 F.2d 1371, 1376 (5th Cir. 1980); *Fowler v. Southern Bell Telephone & Telegraph Co.*, 343 F.2d 150, 152 (5th Cir. 1965).

Removal under the federal officer removal statute must be timely.  The timeliness of a notice of removal is governed by 28 U.S.C. §1446(b), which creates a 30-day limitation period for removing cases. The 30-day removal period is mandatory and must be strictly

---

[6] The Fifth Circuit has held that corporate entities, like the defendants, qualify as "persons" under Section 1442(a)(1). *Winters*, 149 F.3d at 398.  This element is not disputed by plaintiffs.

[7] With respect to a "colorable federal offense," it is important to note that defendants need not prove the asserted defense, but need only articulate its "colorable" applicability to plaintiff's claims.  *Winters*, 149 F.3d at 400.

construed. *Carlton v. Withers*, 609 F.Supp. 146 (M.D. La. 1985).  Failure to timely file a notice of removal is a defect that requires remand to state court.  See *Royal v. State Farm Fire & Cas. Co.*, 685 F.2d 124, 127 (5th Cir.1982).

The right to remove arises when a defendant is first put on notice that all prerequisites for invoking federal jurisdiction have been met.  Thus, "if the case stated by the initial pleading is removable, then notice of removal must be filed within thirty days from the receipt of the initial pleading by the defendant." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir.1992). The federal question ordinarily must appear on the face of a properly pleaded complaint, and an anticipated or actual federal defense generally does not qualify a case for removal.  *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 431, 119 S.Ct. 2069, 144 L.Ed.2d 408 (1999).  Suits against the United States, any agency of the United States, or federal officers are an exception to the "well-pleaded complaint" rule.  Id.; see also *Parlin v. DynCorp. Intern., Inc.*, 579 F.Supp.2d 629 (D.C. Del. 2008); 28 U.S.C. §1442.  Under Section 1442, suits may be removed even if the complaint does not raise a federal question on its face because the federal question element is met if the defense depends on federal law. *Id.;* see also *Harris v. Rapid American Corp.*, 532 F.Supp.2d 1001, 1004 (N.D. Ill. 2007).

If it is not readily apparent from the initial pleading that the case is removable, a notice of removal must be filed "within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b).

**Discussion**

Defendants contend that they properly removed this matter pursuant to the federal officer removal statute because plaintiffs' alleged exposure occurred during periods when defendants' facilities were owned by United States Government but operated by DSM Copolymer under the authority and direction of the United States Government (1942-1955), as well as during periods of ownership by DSM Copolymer but under continuing governmental control and oversight (1955-1965) (rec. doc. 9, p. 12). During the period of governmental ownership, control, and oversight (1942-1965), defendants contend that their allegedly wrongful conduct is protected by federal contractor immunity and/or the immunities provided by the Defense Production Act.

Defendants offer substantial evidence which illustrates the government's control over the facilities' design, operation, and safety requirements during the time of government ownership and continuing governmental control and oversight, including historical facts established by the court with respect to the same DSM facility in *LaLonde and Catania,* evidence offered and relied upon by the courts in reaching their decisions in *LaLonde and Catania*, and new evidence illustrating governmental control in the form of affidavits from defendants' employees – all of which tend to support removal under the federal officer removal statute. In light of the substantial evidence produced by defendants and the prior decisions by this court in *LaLonde* and *Catania*, which held that removal is proper under the federal officer removal statute for the same DSM facility for the same time periods, the court assumes for purposes of this motion only that defendants have carried their burden of establishing that removal is proper under the federal officer removal statute in order to address the unresolved issue of whether the notice of removal was timely filed; that is,

-10-

whether defendants should have known that removal was proper under the federal officer removal statute based on the allegations in plaintiffs' original petition.

Defendants contend that this matter was not initially removable because "the vague and imprecise work history dates included in the original Petition filed by the two (2) Plaintiffs wholly failed to satisfy the <u>Chapman</u> standard" by failing to affirmatively reveal on its face that the case was properly removable (rec. doc. 9).  Because removal under the federal officer removal statute is based, in part, on the applicability of a federal defense, the federal question may not appear on the face of the well-pleaded complaint; however, the facts alleged in the original petition must be sufficient to put the defendant on notice that the federal defense is applicable.  Plaintiffs' original petition specifically alleges as follows:

> At various times between approximately 1960 and present, the Plaintiff and/or Plaintiff's decedent listed on Exhibit "A" were employed as direct employees at the Defendants' facility owned and operated by Defendant in East Baton Rouge Parish, Louisiana and West Baton Rouge Parish, Louisiana.  During their employment at Defendants' facility, Plaintiff and/or Plaintiff's decedent were occupationally exposed to hazardous levels of industrial noise. As a result, Plaintiff and/or Plaintiff's decedent have suffered hearing loss.

(rec. doc. 1-2.

Based on the allegations in the original petition, it is clear that plaintiffs allege liability against defendants based on exposure occurring between 1960 and the present. Defendants contend that claims based on exposure during this period of continuing governmental control and oversight would be subject to the immunities provided by the federal contractor defense and Defense Production Act and that removal is proper under the federal officer removal statute.  Defendants do not argue that they failed to remove this matter based on the allegations in the original petition because they questioned the

applicability of the federal officer removal statute or the federal defenses during the period of governmental control and oversight (1955-1965) versus the period of governmental ownership (1942-1955) nor do they distinguish between the application of the federal officer removal statute to the time period of governmental ownership versus governmental control in their notice of removal or supporting memorandum.  Moreover, the first supplemental petition does not contain any new allegations against defendants that would put defendants on notice that removal might be proper under the federal officer removal statute other than adding new plaintiffs and expanding the exposure dates.   If the first supplemental and amending petition supports removal under the federal officer removal statute, as alleged by defendants, so does the original petition. Thus, assuming removal is proper under the federal officer removal statute based on the facts and evidence established by defendants, the court finds that the allegations in the original petition were sufficient to put defendants on notice that removal was possible under the federal officer removal statute.

Moreover, the federal officer removal statute is not new to these defendants. Defendant DSM and the same facility at issue in this case have been subject to repeated suits for different types of exposure claims arising during the time period set forth in the original petition in the instant matter.  In both *LaLonde and Catania*, defendant DSM timely filed a notice of removal under the federal officer removal statute based on similar allegations of exposure to silica/asbestos at the same DSM facility during the same time periods at issue in this case and based on the same evidence as submitted by the defendants in this case.

The allegations in plaintiffs' original petition clearly put defendants on notice that removal was proper under the federal officer removal statute.  Because defendants failed

to file their notice of removal within 30 days of receipt of the original petition, the notice of removal is untimely, and the motion to remand should be granted.[8]  Accordingly,

**IT IS RECOMMENDED** that the motion to remand (rec. doc. 7) should be **GRANTED**, and this matter should be **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

Signed in Baton Rouge, Louisiana, on November 8, 2010.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[8]  Because defendants' notice of removal was not timely filed and this court does not have subject-matter jurisdiction over this case, it is unnecessary to discuss the issues concerning supplemental jurisdiction.

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ELMO M. HEGWOOD, ET AL.**                    **CIVIL ACTION**

**VERSUS**                                      **NUMBER 10-145-JJB-DLD**

**DSM COPOLYMER, INC., ET AL.**

<u>**NOTICE**</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 8, 2010.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**